[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2006
THOMAS K. KAHN
CLERK

No. 05-15075
Non-Argument Calendar

_____

D. C. Docket No. 05-00022-CR-ORL-31-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAJSHREE P. PATEL,
a.k.a. Pria Patel, etc.

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 28, 2006)

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Rajshree P. Patel appeals her sentence of 48 months' incarceration, imposed after she pled guilty to seven counts of bank fraud in violation of 18 U.S.C. § 1344. Patel asserts the sentence, which is above the advisory Guidelines range of 33 to 41 months' imprisonment, is unreasonable in light of her limited criminal history. Patel's sentence is reasonable, and we affirm.

In the post-*Booker* advisory Guidelines system, sentencing requires two steps. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). "First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines ." *Id*. Second, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a), which include the history and characteristics of the defendant, "the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care." *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005).

Once the district court has calculated the sentence under the advisory Guidelines and has considered the sentencing factors in § 3553(a), it can impose a sentence more severe or more lenient than that suggested by the advisory Guidelines range, so long as the sentence is reasonable. *Talley*, 431 F.3d at 788.

2

The party challenging the sentence has the burden of "establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Id.* "Review for reasonableness is deferential." *Id.*

In light of the facts in the record and the sentencing factors enumerated in 18 U.S.C. § 3553(a), Patel's sentence of 48 months' imprisonment is reasonable. In determining this sentence, the district court correctly calculated and considered the advisory sentencing range of 33 to 41 months' imprisonment and the § 3553(a) sentencing factors. The record shows the district court considered the serious nature and the extent of the offense, the need for deterrence, and the need to provide just punishment for the offense in its decision to impose a sentence above the advisory range. Furthermore, despite Patel's emphasis on her limited criminal history, this is only one of many factors for the court to consider. Accordingly, we conclude that Patel fails to establish that her sentence is unreasonable in light of the § 3553(a) sentencing factors, and her argument the sentence fails to account for her limited criminal history is without merit.

**AFFIRMED.**